## IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF PENNSYLVANIA

In Re: Lovell Place Limited Partnership, an Ohio      Bankruptcy No. 05-15114-WWB
Limited Partnership, Debtor

## DISCLOSURE STATEMENT
## TO ACCOMPANY PLAN DATED NOVEMBER 14, 2008

☐ Chapter 11 Small Business (Check box only if debtor has elected to be considered a small business under 11 U.S.C. §1121(e))

Debtor furnishes this disclosure statement to creditors in the above-captioned matter pursuant to Bankruptcy Code §1125 to assist them in evaluating debtor's proposed Chapter 11 plan, a copy of which is attached hereto. Creditors may vote for or against the plan of reorganization. Creditors who wish to vote must complete their ballots and return them to the following address before the deadline noted in the order approving the disclosure statement and fixing time. The Court will schedule a hearing on the plan pursuant to 11 U.S.C. §1129. The definitions in the Plan apply to this Disclosure Statement.

Address for return of ballots:

     Guy C. Fustine, Esquire
     Attorney for Debtor
     Knox, McLaughlin, Gornall & Sennett, P.C.
     120 West Tenth Street
     Erie, PA 16501

## I.    Background

     1.      Name of Debtor

         Lovell Place Limited Partnership, an Ohio Limited Partnership

     2.      Type of Debtor (individual, partnership, corporation)

         Limited Partnership

     3.      Debtor's Business or Employment

         Real estate development and commercial leasing

4. Date of Chapter 11 Petition

October 15, 2005

5. Events that Caused the Filing:

State court collection action by utility company seeking to terminate the utility service and to appoint a receiver.

6. Anticipated Future of the Company & Source of this Information and Opinion

The Debtor will continue to operate in Chapter 11 to implement the Plan.

7. Summarize all Significant Features of the Plan Including When and How Each Class of Creditor Will Be Paid and What, If Any, Liens Will Be Retained By Secured Creditors or Granted to Any Creditor Under the Plan.

The keystone of the Plan is the sale of the Lovell Place Asset Package under the jurisdiction of the Bankruptcy Court, free and clear of liens. The goal is to maximize the value of the assets by packaging the real estate and business as one going concern and selling the package to the highest bidder under court-approved bidding procedures.

In order to market and sell the Lovell Place Asset Package, the Debtor must first acquire the real estate from the Decedent's Estate, i.e. the McGarvey Properties. In that regard, National City has or will proceed with State Court Foreclosure Proceedings and Sheriff's Sales, pursuant to which the Debtor will ultimately acquire title to the McGarvey Properties via the Sheriff Deeds, utilizing the Plan Financing provided by National City. National City shall retain its liens in the meantime.

The Class 1 Administrative Claims will be paid in full in the ordinary course of business, at the Sale Closing, or as otherwise ordered by the Court. The Class 2 Real Estate Taxes, the Class 4 Priority Wages and Taxes, the Class 5 amounts, if any, necessary to cure contracts or leases to be assumed by the Debtor and assigned to the purchaser, the Committee Carve-Out and the Decedent's Estate Carve-Out will be paid in full from the proceeds of sale at the Sale Closing. The Class 3 Secured Claims of National City will be paid up to in full from the proceeds of sale, after the Class 1 Administrative Claims, the Class 2 Real Estate Taxes, the Class 4 Priority Taxes and Wages, the Class 5 Claims (for cure) arising from the assumption and assignment of executory contracts and leases, if any, the Class 6 Committee Carve-Out and the Decedent's Estate Carve-Out have been paid. The Debtor and/or National City may request that the Bankruptcy Court determine what amount(s) are to be paid immediately to the various Classes and what amount(s) shall be held in escrow by the Disbursing Agent pending further Orders of Court.

In exchange for their cooperation and for the releases described therein, the Plan provides that the Decedent's Estate will receive $55,000 (the Decedent's Estate Carve-Out) and that the General Creditors will receive $100,000 (the Committee Carve-Out). Based upon the Committee Carve-Out, the pro-rata amount paid on the Effective Date to General Creditors in Class 6 is estimated to be approximately ten (10%) percent.

8.   Are All Monthly Operating Statements Current and on File with The Clerk of Court?

   Yes __X___        No _____

   If Not, Explain:

   _____

9.   Does the plan provided for releases of nondebtor parties? Specify which parties and terms of release.

   National City is released by the Debtor, the Committee, the Estate in Chapter 11 and the Decedent's Estate. The Creditors' Committee, members of the Creditors' Committee and the professionals in the Case are also released except for claims arising from fraud, gross negligence or willful misconduct. See Paragraphs 1.24, 1.60, 4.8, 4.9 and 5.14 of the Plan.

10.   Identify all executory contracts that are to be assumed or assumed and assigned.

   See Article VI of Plan. The Debtor's right to assume or reject executory contracts and leases shall be extended through the Sale Closing.

11.   Has a bar date been set? Yes (May 4, 2006)

12.   (If not, a motion to set the bar date has been filed simultaneously with the filing of this disclosure statement.)

13.   Has an election under 11 U.S.C. §1121(e) has been filed with the Court to be treated as a small business?

   Yes _____        No ___X___

14.   Specify property that will be transferred subject to 11 U.S.C. §1146(c).

   The following parcels of real estate, together with all improvements, including but not limited to the McGarvey Properties, shall be transferred under the Plan free of transfer taxes by virtue of §1146 of the Code, including the McGarvey Properties Conveyance and the sale under §363 of the Code pursuant to the Purchase Agreement, Sale Motion and Sale Confirmation Order.

**Erie County Parcel Index Numbers:**

RB 614, PAGE 2099

(15)2013-114
(15)2013-115
(15)2013-300
(15)2013-301
(15)2013-302
(15)2013-305
(15)2013-311
(15)2013-312
(15)2013-314

RB 614, PAGE 2109

(15)2014-301
(15)2009-201

RB 529, PAGE 2217

(15)2008-200
(15)2008-201
(15)2008-202
(15)2008-226
(15)2008-227
(15)2008-228
(15)2008-211
(15)2008-212
(15)2008-100
(15)2008-101
(15)2008-102

RB 509, PAGE 544

(15)2008-203

RB 449, PAGE 377

(15)2008-214
(15)2008-215

RB 369, PAGE 2165

(15)2004-201
(15)2004-202

RB 519, PAGE 1671

(15)2008-213

**II.**   **Creditors**

**A.**   **Secured Claims**

SECURED CLAIMS

| Creditor | Total Amount Owed | Arrearages | Type of Collateral Priority Lien (1, 2, 3) | Disputed (D) Liquidated (L) Unliquidated (U) | Will Liens be Retained Under the Plan (Y) or (N) |
|---|---|---|---|---|---|
| National City Bank | $17,709,604.23 | | Mortgage Lien and Security Interest | | |
| Sky Bank f/k/a First Western Bank | $565,487.00 | | Mortgage Lien and Security Interest | D | |
| J.D. Clark Electric | $3,088.68 | | | D | |
| Rabe Environmental Service, Inc. | $62,974.15 | | | D | |
| Rabe Environmental Service, Inc. | $112,219.00 | | | D | |
| | | | | | |
| | | | | | |
| **TOTAL** | **$ 18,453,373.06** | **$** | | | |

**B.     Priority Claims**

PRIORITY CLAIMS

| Creditor | Total Amount Owed | Type of Collateral | (D) (L) (U) |
|---|---|---|---|
| Colleen A. Medina | $63.28 | | D – Paid 10/28/05 |
| David P. Montroy | $117.18 | | D – Paid 10/28/05 |
| Deanna M. Szocki | $7.43 | | D – Paid 10/28/05 |
| James A. Johnson | $130.90 | | D – Paid 10/28/05 |
| Joseph P. Sell, Jr. | $115.86 | | D – Paid 10/28/05 |
| Julie L. Minch | $50.09 | | D – Paid 10/28/05 |
| Lardell J. Woodruff | $54.00 | | D – Paid 10/28/05 |
| Richard M. Kowalewski, Jr. | $39.00 | | D – Paid 10/28/05 |
| Ricky L. Alexander | $159.00 | | D – Paid 10/28/05 |
| Ronald P. Farabaugh | $738.52 | | D – Paid $225.84 on 10/28/05 |
| Roseann M. Farabaugh | $200.94 | | D – Paid 10/28/05 |
| Suzanne Flores | $48.64 | | D – Paid 10/28/05 |
| Thomas J. Montroy | $80.10 | | D – Paid 10/28/05 |
| Simonian Electric | $6,081.81 | | D |
| Security Deposits | $64,455.00 | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTAL CLAIMS:** | **$72,341.75** | | |
| **TOTAL DISPUTED:** | **$7,886.75** | | |
| **TOTAL UNDISPUTED:** | **$64,455.00** | | |

*Disputed (D), Liquidated (L), or Unliquidated (U)

**C.**     **Unsecured Claims**

    1.     Amount Debtor Scheduled (Disputed and Undisputed)     $2,460,446.82
    2.     Amount of Unscheduled Unsecured Claims[1]     $2,896,803.62
    3.     Total Claims Scheduled or Filed     $5,357,250.44
    4.     Amount Debtor Disputes     $4,656,886.21
    5.     Estimated Allowable Unsecured Claims     $   700,364.23

**D.**     **Other Classes of Creditors**

    1.     Amount Debtor Scheduled (Disputed and Undisputed)     $
    2.     Amount of Unscheduled Claims[1]     $
    3.     Total Claims Scheduled or Filed     $
    4.     Amount Debtor Disputes     $
    5.     Estimated Allowable Claims     $

**E.**     **Other Classes of Interest Holders**

    1.     Amount Debtor Scheduled (Disputed and Undisputed)     $
    2.     Amount of Unscheduled Claims[1]     $
    3.     Total Claims Scheduled or Filed     $
    4.     Amount Debtor Disputes     $
    5.     Estimated Allowable Claims     $

---

[1] Includes a.) unsecured claims filed by unscheduled creditors; b.) that portion of any unsecured claim filed by a scheduled creditor that exceeds the amount debtor scheduled; and c.) any unsecured portion of any secured debt not previously scheduled.

## III.    <u>Assets</u>

ASSETS

| Assets | Value | Basis for Value Priority of Lien | Name of Lien Holder (if any) (Fair Market Value/Book Value) | Amount of Debtor's Equity (Value Minus Liens) |
|---|---|---|---|---|
| Cash on Hand | $0 | | | |
| National City Escrow Account | Account Closed | | | |
| National City Lockbox Account | $56,690.93 | | | |
| National City Operating Account | $152,885.34 | | | |
| National City Payroll Account | Account Closed | | | |
| Sky Bank Security Deposit | $29,787.99 | | | |
| National Fuel Security Deposit | $25,000.00 | | | |
| Rent and Miscellaneous Fees | $217,145.91 | | | |
| Underground Geo-Thermal Heat Exchanger (located under parking lot on north side of Lovell Place) | $331,000.00 | | | |
| Office Furniture | $128,574.89 | | | |
| Equipment | $248,830.78 | | | |
| Leasehold Improvements and Real Estate | $9,800,000.00 | | | |
| | **$10,989,915.84 TOTAL** | | | |

\* See the Debtor's Balance Sheet, a copy of which is attached, for the current Accounts Receivable, Prepaid Expenses and Retainer.

1.    Are any assets which appear on Schedule A or B of the bankruptcy petition not listed above?

   NO

   If so, identify asset and explain why asset is not in estate:

   _____

2.    Are any assets listed above claimed as exempt? If so attach a copy of Schedule C and any amendments. NONE

## IV.   SUMMARY OF PLAN

1.   Effective Date of Plan: Eleven (11) days after the Sale Closing.

2.   Will cramdown be sought? ___ Yes **X** No
     If yes, state bar date: _____ ___, 20____

3.   Treatment of Secured **Non-Tax** Claims

### SECURED NON-TAX CLAIMS

| Name of Creditor | Class | Amount Owed | Summary of Proposed Treatment |
|---|---|---|---|
| National City Bank | | $17,709,604.23 | Class 3 |
| Sky Bank f/k/a First Western Bank | | $565,487.00 | Class 3 |
| J.D. Clark Electric | | $3,088.68 | Class 6 (Disputed as secured) |
| Rabe Environmental Service, Inc. | | $62,974.15 | Class 6 (Disputed as secured) |
| Rabe Environmental Service, Inc. | | $112,219.00 | Class 6 (Disputed as secured) |
| | | | |
| | | | |
| **TOTAL** | | **$18,453,373.06** | |

4.   Treatment of Secured Tax Claims

### SECURED TAX CLAIMS

| Name of Creditor | Class | Amount Owed | Summary of Proposed Treatment |
|---|---|---|---|
| Real Estate Taxes | | $1,067,956.37 | Class 2 |
| Erie Downtown | | $17,352.00 | Class 2 |
| City of Erie Parking Tax | | $5,214.75 | Class 2 |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTAL** | | **$1,090,523.12** | |

5. Treatment of Administrative **Non-Tax** Claims[2]

ADMINISTRATIVE NON-TAX CLAIMS

| Name of Creditor | Amount Owed | Type of Debt | Summary of Proposed Treatment |
|---|---|---|---|
| Knox McLaughlin Gornall & Sennett, P.C. | $50,000.00 | P | Class 1 |
| Quinn Buseck Leemhuis Toohey & Kroto, Inc. | $20,000.00 | | Class 1 |
| Felix & Gloekler, P.C. | $10,000.00 | P | Class 1 |
| Altair Management | $120,000.00 | P | Class 1 |
| | | | |
| | | | |
| **TOTAL** | $200,000.00 | | |

\* Identify and use Separate Line for Each Professional and Estimated Amount of Payment

\*\* Type of Debt (P = Professional, TD = Trade, TX = Taxes)

6. Treatment of Administrative Tax Claims: Administrative Tax Claims are included in the definition of Real Estate Taxes to be paid under Class 2.

ADMINISTRATIVE TAX CLAIMS

| Name of Creditor | Amount Owed | Type of Debt | Summary of Proposed Treatment |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| **TOTAL** | | | |

---

[2] Only includes an estimate of §503(b) administrative claims to be paid at Closing.

7.    Treatment of Priority Non-Tax

PRIORITY NON-TAX CLAIMS

| Name of Creditor | Class | Amount Owed | Date of Assessment | Summary of Proposed Treatment |
|---|---|---|---|---|
| Ronald P. Farabaugh | | $738.52 | | D – Paid $225.84 on 10/28/05 |
| Security Deposits | | $64,553.41 | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **TOTAL** | | $65,291.93 | | |

8.    Treatment of Priority Tax Claims[3]

## PRIORITY TAX CLAIMS

| Name of Creditor | Class | Amount Owed | Date of Assessment | Summary of Proposed Treatment |
|---|---|---|---|---|
| City of Erie (payroll taxes) | | $78.41 | | Class 4 |
| City of Erie, et al | | $4,090.00 | | Class 4 |
| City of Erie, et al | | $4,090.00 | | Class 4 |
| Internal Revenue Service Center (payroll taxes) | | $246.88 | | Class 4 |
| Internal Revenue Service Center (payroll taxes) | | $8.42 | | Class 4 |
| PA Bureau of Unemployment Compensation (payroll taxes) | | $89.81 | | Class 4 |
| PA Dept. of Revenue (payroll taxes) | | $209.29 | | Class 4 |
| PA Dept. of Labor & Industry | | $1,130.00 | | Class 4 |
| PA Dept. of Labor & Industry | | D = $44.00 | | |
| PA Dept. of Labor & Industry/Elevators | | D = $654.00 | | |
| **TOTAL** | | $10,640.81 | | |

---

[3] Include dates when any §507(a)(7) taxes were assessed.

9. Treatment of General Unsecured Non-Tax Claims

GENERAL UNSECURED NON-TAX CLAIMS

| Name of Creditor | Class | Total Amount Owed | Percent of Dividend |
|---|---|---|---|
| Abco Fire Protection, Inc. | | $4,578.37 | 10% of Allowed Claim |
| Adelhardt Builders | | $2,994.26 | 10% of Allowed Claim |
| Allied Fire Protection Systems, Inc. | | D = $25,440.97 | 10% of Allowed Claim |
| Al's Sign Service | | $13,780.00 | 10% of Allowed Claim |
| American Express Tax & Business | | $6,440.00 | 10% of Allowed Claim |
| Andrew Martin Associates, Inc. | | $1,400.00 | 10% of Allowed Claim |
| Apartment Association of NW PA | | $65.00 | 10% of Allowed Claim |
| Arlington Lawn Care | | D = $32,466.50 | 10% of Allowed Claim |
| Beals McMahon Painting | | D = $12,544.50 | 10% of Allowed Claim |
| Beals McMahon Painting | | D = $25,000.00 | 10% of Allowed Claim |
| Builder's Hardware | | $14,807.71 | 10% of Allowed Claim |
| Carpet Craftsmen | | $4,104.05 | 10% of Allowed Claim |
| Carpet Craftsmen | | D = $10,728.00 | 10% of Allowed Claim |
| Carpet Craftsmen | | amount unknown | 10% of Allowed Claim |
| Chatham Industries | | D = $54,886.40 | 10% of Allowed Claim |
| City of Erie Sewer & Refuse | | $3,832.79 | 10% of Allowed Claim |
| Craig Ness Snowplowing | | $40,196.75 | 10% of Allowed Claim |
| Credit Bureau, Inc. Erie | | $141.00 | 10% of Allowed Claim |
| Crowner-King Architects | | $1,666.41 | 10% of Allowed Claim |
| DeSantis Janitor Supply Co. | | $407.04 | 10% of Allowed Claim |
| Doyle Group, Inc. | | $2,249.00 | 10% of Allowed Claim |
| Erie Downtown | | $17,352.00 | 10% of Allowed Claim |
| Erie Water Works | | $4,864.41 | 10% of Allowed Claim |
| Estate of Stephen B. McGarvey | | D = $2,635,000.00 | 10% of Allowed Claim |
| Everhart Asphalt Maintenance | | $207.50 | 10% of Allowed Claim |
| Free Flow Drain & Sewer | | $75.00 | 10% of Allowed Claim |
| Hausser & Taylor LLP | | $17,000.00 | 10% of Allowed Claim |
| Hill, Barth & King, LLC | | $730.00 | 10% of Allowed Claim |

| | | | |
|---|---|---|---|
| J.D. Clark Electric | | D = $3,088.68 | 10% of Allowed Claim |
| J.H. Willow, Inc. | | $1,547.00 | 10% of Allowed Claim |
| J.J. Agnello Heating | | $2,956.00 | 10% of Allowed Claim |
| James A. Voss | | $1.00 | 10% of Allowed Claim |
| Janicki Drywall, Inc. | | $46,506.88 | 10% of Allowed Claim |
| King Communications | | $296.74 | 10% of Allowed Claim |
| Koldrock Waters, Inc. | | $94.69 | 10% of Allowed Claim |
| Lignitech, Ltd. | | $4,644.22 | 10% of Allowed Claim |
| Master Fire | | $3,324.42 | 10% of Allowed Claim |
| Matthew Sarbak & Cynthia Sarbak | | Amount Unknown | 10% of Allowed Claim |
| Matthew's Carpet Express | | $950.00 | 10% of Allowed Claim |
| McCarl's Services, Inc. | | D = $2,898.65 | 10% of Allowed Claim |
| McCreary Roofing Company, Inc. | | $1,939.14 | 10% of Allowed Claim |
| Millar Elevator Service Co. | | $547.90 | 10% of Allowed Claim |
| Miller Brothers | | $26,284.42 | 10% of Allowed Claim |
| National Elevator Inspection | | $504.00 | 10% of Allowed Claim |
| National Fuel Gas | | $86,434.76 | 10% of Allowed Claim |
| National Fuel Gas Distribution Corp. | | Amount Unknown | 10% of Allowed Claim |
| Niagara Mohawk Power Corp | | D = $96,470.87 | 10% of Allowed Claim |
| Northcoast Building Co. | | D = $1,552,128.03 | 10% of Allowed Claim |
| Otis Elevator Company | | D = $8,076.32 | 10% of Allowed Claim |
| Penelec | | $152,762.86 | 10% of Allowed Claim |
| Pinnacle Services | | $208.50 | 10% of Allowed Claim |
| Portratz | | $909.48 | 10% of Allowed Claim |
| Procter Fire Sprinkler Inspection Co. | | $56.43 | 10% of Allowed Claim |
| RR McLane Landscape Service | | D = $2,705.12 | 10% of Allowed Claim |
| Rabe Environmental Service, Inc. | | D = $62,974.15 | 10% of Allowed Claim |
| Rabe Environmental Service, Inc. | | D = $112,219.00 | 10% of Allowed Claim |
| Rabe Environmental Service, Inc. | | D = $79,354.69 | 10% of Allowed Claim |
| Raymond L. McGarvey | | $1.00 | 10% of Allowed Claim |
| Ronco Communications, Inc. | | $201.47 | 10% of Allowed Claim |
| Roto Cleaning Service, Inc. | | $1,065.30 | 10% of Allowed Claim |

| | | | |
|---|---|---|---|
| Sanner Office Supply | | $202.00 | 10% of Allowed Claim |
| Sherman Furniture-Buffalo Division | | $4,255.03 | 10% of Allowed Claim |
| Signature Management Co. | | $1.00 | 10% of Allowed Claim |
| Simonian Electric | | D = $6,081.81 | 10% of Allowed Claim |
| St. Martin Center, Inc. | | $500.00 | 10% of Allowed Claim |
| Stanley Access Technology | | $144.20 | 10% of Allowed Claim |
| Thyssenkrupp Elevator | | $3,144.51 | 10% of Allowed Claim |
| Verizon North | | $715.26 | 10% of Allowed Claim |
| Victory Security | | $5,912.50 | 10% of Allowed Claim |
| Waste Management Group of Erie | | $1,062.36 | 10% of Allowed Claim |
| Waste Management – RMC | | D = $257.10 | 10% of Allowed Claim |
| Matthew's Trattoria & Martini Lounge | | D = $132,152.48 | 10% of Allowed Claim |
| Roseann M. Farabaugh | | $1,288.88 | 10% of Allowed Claim |
| **TOTAL** | | **$ 5,339,826.51** | $100,000 Committee Carve-Out |

**THE SUGGESTED 10% DISTRIBUTION TO GENERAL CREDITORS IN CLASS 6 IS AN ESTIMATE ONLY. THE ULTIMATE PERCENTAGE DISTRIBUTION MAY BE MORE OR LESS.**

10.    Treatment of General Unsecured Tax Claims

## GENERAL UNSECURED TAX CLAIMS

| Name of Creditor | Class | Total Amount Owed | Percent of Dividend |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| **TOTAL** |  | **$** |  |

11.    Will periodic payments be made to unsecured creditors?

|  Yes | No | First Payment |  |
|------|-----|------|------|
| _____ | __X__ | to begin | _____, 20_____ |

If so:

        Amount of each payment (aggregate
           to all unsecured claimants)
        Estimated date of first payment: _____ ___, 20___
        Time period between payments: _____
        Estimated date of last payment: _____ ___, 20___
        Contingencies, if any: _____

State source of funds for planned payments, including funds necessary for capital replacement, repairs, or improvements:

        The Committee Carve-Out is a fixed fund in the amount of $100,000 and is the source of the pro-rata distribution to General Creditors in Class 6, in the estimated amount of approximately ten (10%) percent, to be paid on the Effective Date.

Other significant features of the plan:

        See Section I, paragraph 7.

Include any other information necessary to explain this plan:

        See Section I, paragraph 7.


**V.    Comparison of Plan with Chapter 7 Liquidation**

        If debtor's proposed plan is not confirmed, the potential alternatives would include proposal of a different plan, dismissal of the case or conversion of the case to Chapter 7. If this case is converted to Chapter 7, a trustee will be appointed to liquidate the debtor's non-exempt assets. In this event, all secured claims and priority claims, including all expenses of administration, must be paid in full before any distribution is made to unsecured claimants.

|  |  |  |
|------|------|------|
| Total value of Chapter 7 estate | | $11,000,000 |
|     (See Section III) | | |
| 1.     Less Secured Claims (See IV-3 & 4) | | $19,500,000 |
| 2.     Less Administrative Claims (See IV-5 | | |
| and include approximate Chapter 7 expenses) | | $   350,000 |
| 3.     Less other Priority Claims (See IV-7 & 8) | | $    76,000 |
| | | |
| Total Amount Available for | | |
|    Distribution to Unsecured Creditors | | $ -0- |

Divided by total allowable unsecured claims of
(See Section II C)                                        $ 0.00

Percentage of Dividend to Unsecured Creditors:          0%

Will the creditors fare better under the plan than they would in a Chapter 7 liquidation?

        Yes  _X_              No  _____

Explain:

        The total amount of the Allowed Secured Claims exceeds the value of the assets.
        Therefore, no funds would be available to pay any other Claims if the case was
        converted to another chapter under the Bankruptcy Code or dismissed.

**VI.    Feasibility**

   A.    Please see the Court-approved, Debtor's budget attached to the Interim Order
         Authorizing the Debtor's Use of Rents for the fourth quarter of 2008.

   B.    Please see the Debtor's Monthly Operating Reports of record in the Case.

Estimated amount to be paid on Effective Date of Plan, including administrative
expenses.

        $1,550,000 estimated
Show how this amount was calculated.

        $    200,000        Administrative Claims
        $ 1,100,000        Real Estate Taxes
        $    100,000        Unsecured Claims
        $      95,000        UST Fees and Priority Claims
        $      55,000        Decedent's Estate
        $ 1,550,000        TOTAL

What assumptions are made to justify the increase in cash available for the funding of the
plan?

        Sale of Lovell Place Asset Package as a going-concern

Will funds be available in the full amount for administrative expenses on the effective date of the plan? From what source? If not available, why not and when will payments be made?

Yes. The funds will be available from the proceeds of sale and from the profits of the business in the meantime.

If this amount is less than the amount necessary at confirmation, how will debtor make up the shortfall?

N/A

## VII. Management Salaries

### MANAGEMENT SALARIES

| Position/Name of Person Holding Position | Salary at Time of Filing | Proposed Salary (Post Confirmation) |
|---|---|---|
| | | |
| | | |
| | | |

Altair Management will continue to manage the business and assets through Closing in accordance with the court-approved management contract. Altair Management's compensation is subject to Bankruptcy Court approval after notice and hearing.

## VIII. Identify the Effect on Plan Payments and Specify Each of the Following:

1. What, if any, Litigation is Pending?

   Debtor vs. Sky Bank, Adversary Proceeding No. 05-01343.

2. What, if any, Litigation is Proposed or Contemplated?

   _____

## IX.  Additional Information and Comments

> None

## X.  Certification

The undersigned hereby certifies that the information herein is true and correct to the best of my knowledge and belief formed after reasonable inquiry.

If Debtor is a corporation, attach a copy of corporate resolution authorizing the filing of this Disclosure Statement and Plan.

If Debtor is a general partnership, attach a copy of the consent agreement of all general partners to the filing of the bankruptcy.

_____ _____
Signature of Debtor      Date
or Authorized
Representative

_____ _____
Signature of Debtor      Date
or Authorized
Representative

_____ _____
Debtor's Counsel       Date

#787479

**OPTIONAL TABLE**

     6.     Treatment of Other Claims

          N/A

OTHER CLASSES OF CREDITORS

| Name of Creditor | Class | Total Amount Owed | Percent of Dividend |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| **TOTAL** |  | $ |  |

**A.**    **Will periodic payments be made?**

        Yes _____     No _____
        If So:
        Amount of each payment (aggregate to all claimants)     $ _____
        Estimated date of first payment     _____
        Time period between payments     _____
        Estimated date of last payment     _____
        Contingencies, if any:

**OPTIONAL TABLE**

    7.        Treatment of Interest Holders (Other Than Equity Holders)

## OTHER CLASSES OF INTEREST HOLDERS

| Creditor | Class | Total Amount Owed | Percent of Dividend |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

    8.        Treatment of Equity Holders (Specify how the market test of *Bank of America National Trust and Savings Association v. 203 North LaSalle Street Partnership*, 526 U.S. 434, 110 S.Ct.1411 (1999), is met)

## EQUITY HOLDERS

| Creditor | Class | Total Amount Owed | Percent of Dividend |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**A.**      **Will periodic payments be made?**

        Yes _____     No _____
        If So:
        Amount of each payment (aggregate to all claimants)          $ _____
        Estimated date of first payment             _____
        Time period between payments              _____
        Estimated date of last payment             _____
        Contingencies, if any:

#787479