IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Case No. 05-15114-TPA |
| LOVELL PLACE LIMITED PARTNERSHIP, an Ohio Limited Partnership, | Chapter 11 |
| Reorganized Debtor | Docket No. ___ |
| | |
| LOVELL PLACE LIMITED PARTNERSHIP, an Ohio Limited Partnership, | |
| Movant | |
| | |
| vs. | |
| | |
| PNC BANK, N.A., SUCCESSOR BY MERGER WITH NATIONAL CITY BANK, SUCCESSOR BY MERGER WITH NATIONAL CITY BANK OF PENNSYLVANIA; ERIE COUNTY, PENNSYLVANIA TAX CLAIM BUREAU; ERIE DOWNTOWN IMPROVEMENT DISTRICT, INC.; CITY OF ERIE, PENNSYLVANIA; COUNTY OF ERIE, PENNSYLVANIA; SCHOOL DISTRICT OF ERIE, PENNSYLVANIA; UNITED STATES INTERNAL REVENUE SERVICE; PENNSYLVANIA DEPARTMENT OF REVENUE; PENNSYLVANIA DEPARTMENT OF LABOR & INDUSTRY; RABE ENVIRONMENTAL SYSTEMS, INC.; THE ESTATE OF STEPHEN B. MCGARVEY, BY AND THROUGH KEITH T. MCGARVEY AND JAMES A. VOSS, CO-EXECUTORS; MID-TOWN RENOVATION, INC.; AND MCDONALD CORPORATE TAX CREDIT FUND, 1996 LP, | **MOTION TO APPROVE BIDDING PROCEDURES** |
| Respondents | |

## MOTION TO APPROVE BIDDING PROCEDURES

AND NOW, this 12th day of November, 2010, comes Lovell Place Limited Partnership, an Ohio Limited Partnership, Reorganized Debtor (hereinafter referred to as the "Debtor"), by and through its counsel, Knox McLaughlin Gornall & Sennett, P.C., with this Motion to Approve Bidding Procedures, as follows:

1. The Bankruptcy Court has jurisdiction over this Motion under 28 U.S.C. §1334, 28 U.S.C. §157(a) and the Order of Reference to the Bankruptcy Court effective in the Western District of Pennsylvania. This is a core proceeding under 28 U.S.C. §157(b). This Motion is filed pursuant to 11 U.S.C. §363 and Bankruptcy Rules 6004, 9014 and 2002.

2. On October 15, 2005, the Debtor filed a voluntary Petition for Relief under Chapter 11 of the United States Bankruptcy Code. The Debtor's Chapter 11 Plan was confirmed by Order dated February 10, 2009. The Debtor has continued to operate its business under a series of cash collateral stipulations with PNC Bank, N.A. ("PNC") successor in interest by merger with National City Bank, successor in interest by merger with National City Bank of Pennsylvania.

3. The Debtor is represented by Guy C. Fustine, Esquire, Knox McLaughlin Gornall & Sennett, P.C., 120 West Tenth Street, Erie, Pennsylvania 16501.

4. The United States Trustee appointed an Official Committee of Unsecured Creditors ("Committee"). The Committee was represented by Lawrence C. Bolla, Esquire, Quinn, Buseck, Leemhuis, Toohey & Kroto, 2222 West Grandview Boulevard, Erie, Pennsylvania 16506.

5. PNC, the Debtor's primary secured creditor, is represented by Norman E. Gilkey, Esquire, Babst Calland Clements & Zomnir, P.C., Two Gateway Center, 8th Floor, Pittsburgh, Pennsylvania 15222.

6. On November 2, 2010, the Debtor entered into an Asset Purchase Agreement (the "Agreement") with PNC for PNC or its designee to purchase substantially all of the assets of the Debtor, including the real estate and personal property more fully described in the Original Agreement (the "Assets").

7. The consideration to be paid by PNC under the Agreement is $5,000,000, subject to Bankruptcy Court approval and subject to higher bids at the Bankruptcy Court sale confirmation hearing.

8. The Debtor filed a separate motion for Bankruptcy Court approval of the sale, entitled Motion for Private Sale of Real and Personal Property Free, Clear and Divested of Liens, Claims and Encumbrances. At the sale hearing, higher bids may be received by the Bankruptcy Court, but only in accordance with the procedures established by the Debtor and approved by the Bankruptcy Court.

9. The Debtor anticipates that there will be competitive bidding at the sale hearing. The Debtor believes that pre-approved procedures will encourage the highest bids, and will enable all interested parties and the Court to quickly analyze the competing bids at the time of the sale hearing.

10. The Debtor desires to have the bidding procedures approved in advance of the sale hearing.

11. There is no break-up fee associated with the proposed sale to PNC.

12. If the proposed bidding procedures are not approved by the Bankruptcy Court, PNC has the right to withdraw its offer.

13. The proposed bidding procedures are as follows:

(a) Bidders shall register with the attorney for the Debtor (Guy C. Fustine, Esquire, Knox McLaughlin Gornall & Sennett, P.C., 120 West Tenth Street, Erie, Pennsylvania 16501, telephone number (814) 459-2800, fax number (814) 453-4530, email address gfustine@kmgslaw.com) at least three (3) business days prior to the sale hearing.

(b) In order to be eligible to bid at the sale hearing, i.e. be a Qualified Bidder, prospective bidders shall provide the attorney for the Debtor with the following:

(1) A refundable, good faith deposit in the amount of $250,000 by certified check or cashier's check made payable to Knox McLaughlin Gornall & Sennett, P.C., Escrow Agent;

(2) An executed escrow agreement in a form satisfactory to Debtor's counsel;

(3) The name, address, contact person, telephone number, fax number, email address, and other relevant information about the owner of the entity making the bid, and the same information on the person who will attend the sale hearing and submit the bid or bids on behalf of the owner of the entity making the bid;

(4) Sufficient evidence that the prospective bidder has the financial ability to close the transaction in the event that it/he/she is the high bidder, without any financing contingency, to be determined in the seller's sole and exclusive discretion, subject to Bankruptcy Court approval; and,

4

(5) A written indication by the proposed bidder that, if its bid is accepted by the Court, that it will execute the asset purchase agreement in the same form, and containing the same terms and conditions, as the original Agreement, except for the increased purchase price.

(c) All bids at the sale hearing must be made by a Qualified Bidder and shall conform in substance and procedure with the Agreement between the Debtor and PNC. Only bids which conform with the Agreement between the Debtor and PNC shall be allowed at the sale hearing.

(d) The first higher bid at the sale hearing must be at least $25,000 more in total consideration to be paid at closing than is provided for in the original Agreement, i.e. $5,025,000 would be the minimum first higher bid at the sale hearing, and each incremental bid thereafter must be at least $25,000 more than the previous bid.

(e) If such a higher next bid is made by a Qualified Bidder at the sale hearing, the Bankruptcy Court will deny the Debtor's motion to approve the proposed sale to PNC and hold a public auction in Bankruptcy Court there and then.

(f) PNC shall have the opportunity to raise its offer, or to credit bid as the first priority secured creditor, in response to any other qualified higher bid at the sale hearing, and all Qualified Bidders shall have the right to increase their bids.

(g) If the sale to the highest bidder at the sale hearing (the "Successful Bidder") does not close, the Debtor shall have the right, but not the obligation, to close the sale with the second highest bidder (at that second highest bidder's price) (the "Backup Bidder"), if the Backup Bidder concurs.

14. The Debtor believes that PNC has proceeded in good faith.

15. The instruments of transfer contemplated by the sale motion shall be delivered by the Debtor under the confirmed Plan of Reorganization and in accordance with the special tax provisions of 11 U.S.C. §1146(c), such that no transfer taxes will be paid.

16. The Debtor requests that the confirmed Plan be deemed amended, without further filings required, to allow the proposed sale for less than the amount suggested in the Plan, given the 2009 economic downturn and the decline in commercial real estate values. PNC, the primary secured creditor in the case, so concurs. No other party will be affected by the change.

WHEREFORE, the Debtor prays that the Court approve the foregoing bidding procedures and that the Debtor have such other and further relief as is reasonable and just.

Respectfully submitted,

KNOX McLAUGHLIN GORNALL &
SENNETT, P.C.
Attorneys for Lovell Place Limited Partnership, an
Ohio Limited Partnership, Debtor-in-possession

By: */s/ Guy C. Fustine*
Guy C. Fustine
PA I.D. No. 37543
120 West Tenth Street
Erie, Pennsylvania 16501-1461
(814) 459-2800
gfustine@kmgslaw.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | Case No. 05-15114-TPA |
| | ) | |
| LOVELL PLACE LIMITED PARTNERSHIP, an Ohio Limited Partnership, | ) ) ) | Chapter 11 |
| Reorganized Debtor | ) | Docket No. ___ |
| | ) | |
| LOVELL PLACE LIMITED PARTNERSHIP, an Ohio Limited Partnership, | ) ) ) ) | |
| Movant | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PNC BANK, N.A., SUCCESSOR BY MERGER WITH NATIONAL CITY BANK, SUCCESSOR BY MERGER WITH NATIONAL CITY BANK OF PENNSYLVANIA; ERIE COUNTY, PENNSYLVANIA TAX CLAIM BUREAU; ERIE DOWNTOWN IMPROVEMENT DISTRICT, INC.; CITY OF ERIE, PENNSYLVANIA; COUNTY OF ERIE, PENNSYLVANIA; SCHOOL DISTRICT OF ERIE, PENNSYLVANIA; UNITED STATES INTERNAL REVENUE SERVICE; PENNSYLVANIA DEPARTMENT OF REVENUE; PENNSYLVANIA DEPARTMENT OF LABOR & INDUSTRY; RABE ENVIRONMENTAL SYSTEMS, INC.; THE ESTATE OF STEPHEN B. MCGARVEY, BY AND THROUGH KEITH T. MCGARVEY AND JAMES A. VOSS, CO-EXECUTORS; MID-TOWN RENOVATION, INC.; AND MCDONALD CORPORATE TAX CREDIT FUND, 1996 LP, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **CERTIFICATE OF SERVICE** |
| Respondents | ) | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Motion to Approve Bidding Procedures was served by first class, United States mail, postage pre-paid, on the 12th day of November, 2010, as set forth on the attached service list.

    Respectfully submitted,

    KNOX McLAUGHLIN GORNALL &
    SENNETT, P.C.
    Attorneys for Lovell Place Limited Partnership, an
    Ohio Limited Partnership, Reorganized Debtor


By:   */s/ Guy C. Fustine*
      Guy C. Fustine
      PA I.D. No. 37543
      120 West Tenth Street
      Erie, Pennsylvania 16501-1461
      (814) 459-2800
      gfustine@kmgslaw.com

**SERVICE LIST**

Office of the United States Trustee
Liberty Center
1001 Liberty Avenue
Suite 970
Pittsburgh, PA 15222

Lovell Place Limited Partnership
1301 French Street
Erie, PA 16501

William F. Savino, Esquire
Damon & Morey, LLP
100 Cathedral Place
298 Main Street
Buffalo, NY 14202

David W. Olenik
Senior Vice President
PNC Financial Services
1900 E. 9th Street, (B7-YB13-22-1),
Cleveland, Ohio, 44114

Lawrence C. Bolla, Esquire,
Quinn, Buseck, Leemhuis, Toohey & Kroto,
2222 West Grandview Boulevard
Erie, Pennsylvania 16506

Weston and Hurd, LLP
Attention David D. Black, Esquire
The Tower at Erieview
1301 East Ninth Street, Suite 1900,
Cleveland, Ohio 44114

Norman E. Gilkey, Esquire
Babst Calland Clements & Zomnir, P.C.
Two Gateway Center, 8th Floor
Pittsburgh, Pennsylvania 15222

Erie Downtown Improvement District, Inc.
626 State Street
Erie, Pennsylvania 16501

Erie County Solicitor
Erie County Courthouse
140 West Sixth Street
Erie, Pennsylvania 16501

The Erie City Solicitor
Gregory Karle, Esquire
626 State Street
Erie, Pennsylvania 16501

Erie County Tax Claim Bureau
Erie County Courthouse
140 West Sixth Street
Erie, Pennsylvania 16501

City of Erie
626 State Street
Erie, Pennsylvania 16501

County of Erie
Erie County Courthouse
140 West Sixth Street
Erie, Pennsylvania 16501

School District of Erie
148 West 21st Street
Erie, Pennsylvania 16502,

United States Internal Revenue Service
Special Procedures
P.O. Box 628
Pittsburgh, Pennsylvania 15230

Pennsylvania Department of Revenue,
Bureau of Compliance
Department 280948
Harrisburg, Pennsylvania 17128-0948

Edward J. Laubach, Jr., Esquire
IRS-Chief Counsel
1000 Liberty Avenue, Room 806
Pittsburgh, PA 15222

Pennsylvania Department of Labor and
Industry, Bureau of Compliance
P.O. Box 280946
Harrisburg, Pennsylvania 17128-0946

Deborah C. Phillips, Esquire
Office of Chief Counsel
914 Penn Avenue, Sixth Floor
Pittsburgh, Pennsylvania 15222

Thomas A. Talarico, Esquire
558 West Sixth Street
Erie, Pennsylvania 16507

Matthew Sarbak and Cynthia Sarbak
3717 Harbor Ridge Trail
Harborcreek, Pennsylvania 16421

William J. Brown, Esquire and Angela Z.
Miller, Esquire
Phillips Lytle, LLP
Suite 3400, One HSBC Center
Buffalo, New York 14203-2887

Grenen & Birsic, P.C.
One Gateway Center, Ninth Floor
Pittsburgh, Pennsylvania 15222

Jaeckle Fleischmann, & Mugel, LLP
12 Fountain Plaza
Buffalo, New York 14202-2292

John M. Steiner, Esquire
Leech Tishman, Fuscaldo & Lampl, LLC
Citizen's Bank Building, 525
William Penn Place, 30th Floor
Pittsburgh, Pennsylvania 15219

The Office of the Attorney General,
Financial Enforcement Section
Robert C. Edmundson, Esquire
Fifth Floor, Mannor Complex
564 Forbes Avenue
Pittsburgh, Pennsylvania 15219

Rabe Environmental Systems, Inc.
2300 West 23rd Street
Erie, Pennsylvania 16506

Stephen A. Tetuan, Esquire
558 West Sixth Street
Erie, Pennsylvania 16507

William F. Schober
9444 East Lake Road
North East, Pennsylvania 16428

Matthew's Trattoria, Inc.
153 East 13th Street
Erie, Pennsylvania, 16503

National Leasing Corporation
P.O. Box 36040
Louisville, Kentucky 40233

William J. Kelly, Esquire
100 State Street, Suite 440
Erie, Pennsylvania 16507

Keith McGarvey, co-Executor
of The Estate of Stephen B. McGarvey
4460 Asbury Road
Erie, PA 16506

McDonald Corporate Tax Credit Fund
1996 LP, c/o Mark Winters
Key Bank
911 Main Street, Suite 1500
Kansas City, Missouri 64105

James A. Voss, co-Executor  
of The Estate of Stephen B. McGarvey  
6051 Old Perry Highway  
Erie, Pennsylvania 16509  

Mid-Town Renovation, Inc.  
1301 French Street  
Erie, PA 16501  

David D. Ferguson, Esquire  
Polsinelli Shalton, et al.  
700 West 47th Street, Suite 1000  
Kansas City, Missouri 64112  

Mr. Chuck Peters  
Altair Holdings LLC  
1001 State Street, Suite 307  
Erie, PA 16503  

# 925473.v1